No. 731

NEIKIRK Exr. v. REPUBLIC BANK. CO.

No. 19925.  Supreme Court

On motion to certify.  Dock. June 24, 1926; 4 Abs. 475.

147.  BILLS AND NOTES—Where the father and mother have executed a note and mortgage securing the same under the representation that it is necessary to save their son from a prison sentence for allowing an overdraft of an account as an employee of a bank, whereas in fact there is no criminal liability, may such note and mortgage be declared void for want of consideration?

This action was brought originally in the Seneca Common Pleas by the Republican Banking Company against Lester J. Neikirk, executor of the estate of Geremiah Neikirk, deceased, and as executor of Anna B. Neikirk, deceased, and. Irving B. Neikirk, for a judgment and foreclosure on a note and mortgage.

The matter was referred to a Master who found in favor of the defendants and on exceptions to this finding the Common Pleas sustained them as to Irving Neikirk and overruled them as to the parents.  The Court of Appeals reversed the judgment in favor of the parents and found in favor of the Bank.

It appears that Irving Neikirk as cashier of the Republic Banking Co. allowed an overdraft to certain contractors but it was shown that he had no personal interest whatever in allowing the overdraft and was acquitted after indictment by a jury.

After the overdraft was discovered it was covered by the officers and directors of the Bank as joint tort feasors; and thereupon it appears that certain officers of the bank went to the parents of the cashier and under threat of criminal prosecution of their son obtained a note secured by the mortgage for the amoun. of the overdraft.

The executor in the Supreme Court contends:

1.  That the evidence shows duress.

2.  That there was no consideration for the note.

3.  That the court erred in ordering execution against the property in the hands of the executor in the process of administration because the property could not be subjected to the payment of this judgment without order of the Probate Court.

Attorneys—W. C. Rhorbacher and E. G. Schroth for Neikirk; H. K. Cole and Spitier α Flynn for Bank; all of Tiffin.

No. 732

PIERCE v. CLEVE. ICE CREAM CO.

No. 19917.  Supreme Court

On motion to certify.  Dock. June 23, 1926; 4 Abs. 404.

225.  CHARGE TO JURY—Where a charge to the jury in an action for damages arising from alleged negligence, one proposition of law is stated in many different ways thereby bein ;

iterated and reiterated, the charge stating 18 times that "your verdict should be for the defendant," has prejudicial error been committed?

This action was brought originally by Perry Pierce against The Cleveland Ice Cream Co. in the Cuyahoga Common Pleas for damages arising from the collision of an automobile being driven by Pierce with a truck being driven by an employee of the Ice Cream Company, by reason of the alleged negligence of said employee.

It appeared that Pierce had followed the truck for some distance and upon approaching a street, it is alleged, the truck driver turned the truck slightly to the right and thereupon Pierce attempted to pass the truck to the left, but before passing the truck the driver swung the truck to the left thereby causing Pierce's machine to turn over causing him personal injuries.

The court in its charge to the jury stated "Your verdict should be for the defendant", 18 times; and many of the special requests and sections of the general charge the same proposition of law concerning negligence etc. was stated in different ways.

Pierce in the Supreme Court contends:

1.  That the court erred in charging the jury before argument.

2.  That the court erred in giving many special requests to the jury before argument, thereby over emphasizing the defendant's contentions.

3.  That the fact that the court charged in only one instance concerning facts which would justify a verdict for the plaintiff and 18 times which would justify a verdict for the defendant was the committing of prejudicial error.

4.  That the over emphasis of defendant's case by the trial court is reversible error.

Attorneys—Day & Day, Wm. M. Byrnes and W. A. Kane for Pierce; J. H. McNeal for Company; all of Cleveland.